The STATE of Ohio, Appellee,

v.

ACOFF, Appellant.

[Cite as *State v. Acoff* (1992), 80 Ohio App.3d 765.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920265.

Decided Dec. 30, 1992.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellee.

*Yaros & Yaros* and *G. David Yaros,* for appellant.

*Per Curiam.*

The defendant-appellant, Marcus Acoff ("defendant"), appeals from his conviction for felonious assault in violation of R.C. 2903.11 and the eight-to-fifteen-year indefinite sentence, of which eight years was actual incarceration, imposed by the trial court. In his five assignments of error he challenges (1) the voluntariness of his guilty plea; (2) the trial court's acceptance of his guilty plea to felonious assault; (3) the trial court's reference to the victim-impact statement's erroneous information; (4) the trial court's imposition of the maximum sentence without reference to the statutory sentencing guidelines; and (5) his attorney's representation, which he claims constituted ineffective assistance of counsel. The defendant's assignments of error are not well taken.

The defendant and his three codefendants—Bell, Shaw and Shoffner—were engaged in a street argument with a group of young men. The victim happened on the scene and became involved. He was knocked to the ground and the defendant kicked him. Subsequently, Bell shot the victim, who ultimately died from the wounds. Defendant and his codefendants were each indicted for murder with a gun specification. As the result of a plea bargain (1) the defendant entered a plea of guilty to the lesser crime of felonious assault without a gun specification; (2) Bell entered a plea of guilty to the lesser crime of voluntary manslaughter with a gun specification; and (3) Shaw and Shoffner each pleaded guilty to a reduced charge of simple assault.

In his first assignment of error the defendant contends that he did not enter his guilty plea intelligently and voluntarily. Crim.R. 11(C) specifies those rights of which a trial court is to advise a defendant before accepting a plea of guilty. There must be substantial compliance with the terms of the rule. *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163 (trial court did not inform defendant that he would not be eligible for probation).

The defendant and his three codefendants jointly appeared before the trial judge, who carefully advised each defendant of his constitutional rights under Crim.R. 11(C). The defendant claims that the trial court failed to advise him that his sentence could include actual incarceration. When the trial court substantially complies with Crim.R. 11(C), the sentence that it imposes is within its discretion. See, generally, *State v. Johnson* (1989), 40 Ohio St.3d 130, 133–134, 532 N.E.2d 1295, 1298. The record shows that following a careful explanation of the meaning of actual incarceration to Bell, the trial court also informed the defendant, Acoff, that his sentence could include actual incarceration and inserted that fact on the written plea form executed by the defendant, which the trial judge then displayed for counsel

and the defendant to view. Curiously, when the trial judge asked the defendant if he understood the possible maximum sentence, including actual incarceration, the record shows that Shaw, rather than the defendant, responded to the trial judge's questions. Despite this discrepancy, the record demonstrates that the trial court explained repeatedly that actual incarceration could be a part of the defendant's sentence; confirmed that the defendant had read and signed the plea form, which included the maximum sentence; and received the defendant's reaffirmation immediately before the finding that his guilty plea was understandingly entered. Accordingly, there is ample evidence to conclude that defendant voluntarily entered his guilty plea. The first assignment of error is overruled.

In his second assignment of error, the defendant maintains that the trial court abused its discretion by finding him guilty of felonious assault. The prosecutor informed the trial judge of an agreement to reduce the charge against Bell to voluntary manslaughter because Bell was "upset and provoked." Accordingly, the defendant argues, that he is likewise, as a factual matter, subject to these same mitigating factors which related to Bell. He argues that any conclusion which suggests that only Bell was provoked to use deadly force is inconsistent. Consequently, defendant argues, that if the same mitigating factors are applied to him, he is guilty only of aggravated assault. Defendant asserts that the Ohio and United States' Equal Protection Clauses mandate that "application of mitigating circumstances be applied to all accused involved in the same fact scenario." He cites no authority to support this broad reading of the Equal Protection Clauses, and we know of none. In reality, the issue depends upon whether he intelligently and voluntarily entered his plea of guilty to the lesser offense offered by the state in the plea bargain. Unless defendant successfully demonstrates that his plea was involuntary, his plea of guilty waives any challenge to his conviction for felonious assault based upon errors that may have occurred had his case gone to trial. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. As provided in Crim.R. 11(B), a plea of guilty is a complete admission of guilt. The second assignment of error is overruled.

The defendant's third assignment of error deals with the trial court's consideration of the victim-impact statement. This assignment has three branches. In the first branch he argues that the victim-impact statement contained incorrect information that caused the trial judge to become confused. As reflected in the discussion with the prosecutor during the sentencing hearing, the trial judge's confusion, claimed to be error, simply stemmed from the misidentification of the victim's mother and grandmother. The name

confusion was sorted out for the trial judge before he pronounced the sentence and does not demonstrate any error.

█ The second branch of defendant's argument addresses the trial court's failure to include the victim-impact statement in the record. The defendant's trial counsel did not make such a request, and the defendant has not directed our attention to anything tangible that necessitates the relaxation of the confidentiality requirement of R.C. 2947.051(C). This argument also fails.

█ Finally, defendant maintains that the trial judge violated R.C. 2943.-041(A) by allowing both the grandmother and the mother of the victim to address the court before imposing sentence. R.C. 2943.041(A) limits the in-court statement of victimization in the victim's absence to "a representative family member." The intent of this section does not limit the trial court's discretion as to the number of persons who can speak, but rather creates for the victim's family an absolute right (which the trial judge must honor) to address the court at sentence. The trial court's permission for more than one person to speak at the sentencing is entirely within the trial judge's power to control all proceedings as provided in R.C. 2945.03. The trial court did not abuse its discretion, and the third assignment of error is overruled.

The defendant contends in his fourth assignment of error that his sentence was excessive. He maintains that the trial court did not comply with the sentencing guidelines of R.C. 2929.12(A). Specifically, the defendant argues that remarks by the trial judge before imposition of the sentence demonstrated that the judge treated the crime as a homicide rather than as a felonious assault. Accordingly, he claims that the trial judge gave erroneous consideration to "the nature and circumstances of the offense" in violation of R.C. 2929.12(A). The record, however, fails to establish the defendant's claim or that the trial court failed to consider the sentencing guidelines in determining the length of the minimum indefinite sentence. See *State v. Brown* (1984), 12 Ohio St.3d 147, 151, 12 OBR 186, 189, 465 N.E.2d 889, 893. Therefore, we find no abuse of discretion by the trial judge, and the fourth assignment of error is overruled.

The issue of ineffective assistance of trial counsel, raised in the defendant's fifth assignment of error, is nowhere demonstrated in the record. We find no evidence in this record to show trial counsel violated an essential duty to the defendant or that his representation fell below the objective standard of reasonableness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Absent this showing, the fifth assignment of error is overruled.

For the foregoing reasons the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.