OPINION
Defendant-appellant, Albert Mooneyham, appeals from his convictions in the Preble County Court of Common Pleas for receiving stolen property and theft. We affirm.
On February 3, 1997, appellant was indicted by a Preble County Grand Jury and charged with one count of receiving stolen property in violation of R.C. 2913.51(A) and one count of theft in violation of R.C. 2913.02(A)(3). On April 25, 1997, appellant filed a motion to exclude the testimony of Chris Petry, appellant's case manager at the Preble County Counselling Center ("the Center"). Appellant claimed that incriminating statements he made to Petry fell within R.C. 2317.02(G)(1) which creates a privilege for "confidential communications" to social workers or counselors licensed under R.C. Chapter 4757.
The trial court conducted a hearing on appellant's motion on May 28, 1997. At the hearing, Petry testified that he monitored appellant's medication and behavior. Petry testified that he was not licensed or certified as a social worker or counselor. Nonetheless, Petry testified that he, along with other members of the Center's staff, conducted group therapy sessions. Petry further testified that during a therapy session, appellant made statements concerning his involvement in a theft. Petry testified that the statements were made in the presence of seventeen or eighteen other people, including two other case managers and about fifteen other participants.
On May 30, 1997, the trial court issued a decision denying appellant's motion to exclude Petry's testimony. The trial court found that appellant's statements were not "confidential communications" because they were made in the presence of seventeen or eighteen other people. In addition, the trial court found that since Petry was not licensed under R.C. Chapter 4757, the statutory privilege in R.C. 2317.02(G)(1) was inapplicable. After the trial court denied his motion, appellant pled guilty to both counts of the indictment and he was sentenced accordingly.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE DEFENDANT WAS HARMED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING THE MOTION TO EXCLUDE TESTIMONY OF MR. CHRIS PETRY.
In his first assignment of error, appellant asserts that he received ineffective assistance of trial counsel. Appellant argues that his trial counsel was ineffective for failing to introduce a consent to treatment participation form ("consent form") during the hearing on appellant's motion to exclude Petry's testimony. The consent form outlined the conditions and terms of care at the Center.
In reviewing an ineffective assistance of counsel claim, an appellate court must determine: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668, 690, 104 S.Ct. 2052, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus.
A plea of guilty waives the right to claim that the defendant was prejudiced by ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett (1991),73 Ohio App.3d 244, 248. Further, to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366.
Appellant has failed to show that his trial counsel was ineffective for failing to introduce the consent form. The substantive law governing privileges is found in statutes enacted by the General Assembly and in principles of common law. Evid.R. 501. Thus, the terms of the consent form relating to confidentiality were irrelevant to a determination of whether the particular statutory privilege, R.C. 2317.02(G)(1), was applicable. Moreover, appellant has failed to show that the failure to file the consent form in any way affected the knowing and voluntary nature of his guilty plea or that he would have insisted on going to trial if the consent form had been introduced. Accordingly, we conclude that appellant did not receive ineffective assistance of counsel and his first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred by denying his motion to exclude Petry's testimony. It is well-settled that a defendant, by entering a voluntarily plea of guilty, waives the right to contest adverse rulings and non-jurisdictional defects that occurred before he entered his plea. State v. Kelley (1990), 57 Ohio St.3d 127; State v. Acoff (1992), 80 Ohio App.3d 765, 768. Moreover, since appellant's statements were made in a room with seventeen or eighteen other people and Petry was not licensed pursuant to R.C. 4757, we find that the trial court properly determined that appellant's statements were not privileged. See In the Matter of Graves (Apr. 10, 1995), Clinton App. No. CA94-07-018, unreported. Accordingly, the trial court did not err by denying appellant's motion and his second assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.