OPINION
Defendant-appellant, Rhonda G. Hedgecock, appeals from her conviction in the Fayette County Court of Common Pleas for passing bad checks in violation of R.C. 2913.11.
On July 15, 1996, appellant was indicted by a Fayette County Grand Jury and charged with passing a bad check in the amount of $70.37. The indictment alleged that appellant committed the offense on May 19, 1996. The indictment further alleged that appellant had previously been convicted of two theft offenses. On June 6, 1997, appellant pled guilty to the charge. On August 11, 1997, appellant was sentenced, under the law that was in effect prior to July 1, 1996, to a term of one year imprisonment.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF A FELONY AND SENTENCING HER TO ONE YEAR INCARCERATION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF A THIRD DEGREE FELONY AND SENTENCING HER TO A PERIOD OF INCARCERATION THAT EXCEEDED THE MAXIMUM FOR A FIRST DEGREE MISDEMEANOR BASED UPON AN INDICTMENT THAT ONLY CHARGED HER WITH A FIRST DEGREE MISDEMEANOR.
In her first assignment of error, appellant contends that since she was sentenced after the effective date of Am.Sub.S.B. No. 2 ("Senate Bill 2"), July 1, 1996, the trial court erred by failing to sentence her in accordance with the sentencing provisions of Senate Bill 2. Appellant argues that since Senate Bill 2 reduced the penalty for her offense[1] and she was sentenced after July 1, 1996, R.C. 1.58(B) required the trial court to sentence her in accordance with Senate Bill 2. R.C.1.58(B) provides:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Section 5 of Senate Bill 2 originally addressed the effective date of Senate Bill 2 and provided:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
The General Assembly subsequently passed Am.Sub.S.B. 269 ("Senate Bill 269") which amended Section 5 of Senate Bill 2 and added a "notwithstanding" clause as follows:
 Section 3. That Section 5 of Am.Sub.S.B. 2 of the 121st General Assembly be amended to read as follows:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. (Emphasis added.)
 The provisions of the Revised Code in existence on or after July 1, 1996, apply to a person who commits an offense on or after that date.
In State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported, this court found that Section 5 of Senate Bill 2 and Section 3 of Senate Bill 269 explicitly provide that the sentencing provisions of Senate Bill 2 only apply to offenses that were committed on or after July 1, 1996. Id. at 7-10. Thus, we held that the sentencing provisions of Senate Bill 2 do not apply to a defendant who committed an offense prior to July 1, 1996, even if the defendant was sentenced on or after that date. Id. In so holding, we recognized that Senate Bill 2 and Senate Bill 269 created a specific exception to the general rule in R.C.1.58(B) so that the applicability of Senate Bill 2 is determined by the date of the offense rather than the date of sentencing. Id. Accordingly, we rejected appellant's argument that R.C.1.58(B) requires a trial court to apply the reduced sentencing provisions of Senate Bill 2 to a defendant who was sentenced on or after July 1, 1996 for an offense committed prior to that date.
Appellant also argues that Senate Bill 269 violates Section15(D), Article II of the Ohio Constitution, because it attempts to amend R.C. 1.58 through the use of the "notwithstanding" clause. In addressing this argument, we recognize that "statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision." Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351, 352.
Section 15(D), Article II of the Ohio Constitution provides:
 * * * No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed.
Ohio's appellate courts are split as to whether the "notwithstanding" clause in Senate Bill 269 violates Section 15(D), ArticleII of the Ohio Constitution.[2] Three appellate districts, the First, Fifth and Eighth,[3] have found that the "notwithstanding" clause of Senate Bill 269 violates Section15(D), Article II of the Ohio Constitution because it attempts to amend R.C. 1.58(B) without repealing it. See State v. Delgado (Apr. 9, 1998), Cuyahoga App. No. 71497, unreported; State v. Toler (Sept. 19, 1997), Hamilton App. No. C-960835, unreported; State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported. Accordingly, these courts have concluded that the reduced sentencing provisions of Senate Bill 2 apply to a defendant who committed an offense prior to July 1, 1996, but was not sentenced until after that date. Id.
A majority of Ohio's appellate courts which have considered the issue, the Third, Fourth, Sixth, Ninth, Tenth and Eleventh Appellate Districts, found that Senate Bill 269 and the use of the "notwithstanding" clause does not violate Article II, Section15(D) of the Ohio Constitution.[4] See State v. McFarland (Apr. 21, 1998), Ross App. No. 97CA2322, unreported; State v. Sprafka (Apr. 10, 1998), Lake App. No. 96-L-137, unreported; State v. Quevedo (Mar. 25, 1998), Van Wert App. No. 15-97-13, unreported; State v. Law-rence (Oct. 29, 1997), Summit App. No. 18298, unreported; State v. Mitchell (Sept. 4, 1997), Franklin App. No. 97APA-3-351, unreported; State v. Mills (Aug. 29, 1997), Wood App. No. WD-97-012, unreported. These courts have found that the "notwithstanding clause" in Senate Bill 269 creates a limited exception to R.C. 1.58, rather than an unconstitutional amendment. Id.
We agree with the majority of Ohio's appellate courts which have addressed the issue and hold that the "notwithstanding" clause of Senate Bill 269 does not violate Section 15(D), ArticleII of the Ohio Constitution. In Cox, we found that the Senate Bill 269 and the "notwithstanding" clause create an explicit exception to R.C. 1.58. State v. Cox, Warren App. No. CA96-07-069, unreported at 7-10. Thus, it follows that the "notwithstanding" clause does not attempt to amend R.C. 1.58 in violation of Section 15(D), Article II.[5] In a concurring opinion in State v. Grubbs (Dec. 26, 1997), Hamilton App. No. C-970030, unreported, (Gorman and Shannon, JJ., concurring in judgment only), Judge Gorman explained:[6]
 * * * An amendment means to "alter by modification, deletion, or addition." Black's Law Dictionary (5 Ed. 1979) 74. The "notwithstanding" clause of Section 5 of Senate Bill 2, as amended, did not do any of these things to R.C. 1.58. * * *
 "Notwithstanding" is defined as "in spite of; regardless of hindrance by[.]" American Heritage Dictionary (1981), 898. The plain meaning of notwithstanding does not suggest that S.B. 2 is an attempt to amend R.C. 1.58. Thus, S.B. 269 does not violate Section 15(D), Article II
of the Ohio Constitution which requires the legislature to amend and repeal statutes in their entirety.
Id. at 10-11, quoting State v. Lawrence, Summit App. No. 18298, unreported.
The "notwithstanding" clause "merely delineates a circumstance under which R.C. 1.58 does not apply." State v. Sprafka, Lake App. No. 96-L-137, unreported. Although the "notwithstanding" clause is a large exception, R.C. 1.58(B) remains viable if the General Assembly modifies penalties for misdemeanors, modifies forfeiture provisions, or passes another sentencing statute, unless the statute contains an explicit exception like Senate Bill 2. See, State v. Quevedo, Van Wert App. No. 15-97-13, unreported, at 7; but, see, State v. Toler, Hamilton App. No. C-96-835, unreported, at 8-9 (Senate Bill 269 had the effect of being an amendment to R.C. 1.58-[B] because the "'notwithstanding clause' denied the only application and the only function that R.C. 1.58[B] ever has"). Moreover, we note that the General Assembly followed Section 15(D), Article II by expressly repealing and passing anew several other statutes that were amended by Senate Bill 2 and Senate Bill 269. If the General Assembly intended to amend R.C. 1.58(B), rather than create an exception, it would have done so by expressly amending and repealing R.C. 1.58(B). See, generally, Cincinnati v. Thomas Soft Ice Cream, Inc. (1977), 52 Ohio St.2d 76, 79 (repeal by implication is disfavored since it is assumed that the General Assembly has knowledge of prior legislation when subsequent legislation is enacted, and if the General Assembly intends to nullify the prior legislation it would have been expressly repealed). Thus, we find that the "notwithstanding" clause is an exception to, rather than an unconstitutional amendment of, R.C.1.58(B).
The interpretation of the "notwithstanding" clause as an exception to R.C. 1.58(B) is also consistent with established principles of statutory construction. "It is a well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply." State ex rel. Dublin Securities, Inc. v. Ohio Division of Securities (1994),68 Ohio St.3d 426; see, also, State ex rel. Jaster v. Jefferson County (1936), 132 Ohio St. 93. This common-law rule has been codified in R.C. 1.51 which provides:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
R.C. 1.58(B) sets forth a rule with general application — where a statute is amended so as to reduce the penalty, forfeiture, or punishment for an offense, the applicable law is determined by the date of sentencing. However, Senate Bill 2 is a special provision that revises the sentencing scheme in Ohio and creates an exception to the general rule in R.C. 1.58(B) — the applicability of Senate Bill 2 is determined by the date of the offense. Accordingly, the special provisions of Senate Bill 2 should be construed as an exception that prevails over the general provisions of R.C. 1.58(B). See State v. Quevedo, Van Wert App. No. 15-97-13, unreported at 8-9.
We also agree with Judge Gorman's view that Toler and its progeny have created a new constitutional restraint by misconstruing the purpose of Section 15(D), Article II of the Ohio Constitution. Grubbs at 9. Judge Gorman explained:
 The primary fault of [these cases] is that [they] misconstrue the purpose of Section 15(D), Article II of the Ohio Constitution. The requirement contained in Section 15(D), Article II — that the legislature repeal and pass anew any statute which it amends — is concerned with avoiding confusion stemming from the opposite practice of publishing only the amended language out of context. * * *.
 * * * [This section] was designed to prevent a very specific legislative vice: multiple versions of the same act with subsequent modifications, deletions, or additions published separately, creating a fractured and unreadable text. As a matter of good legislative housekeeping, it makes sense to require the legislature to repeal the previously existing law and to pass the amended version in its entirety. There is nothing in Section 15(D), Article II, however, to suggest that the legislature cannot pass an entirely separate new law and make it expressly not subject to a previously existing code section without having to repeal and amend the existing code section to refer to the new law. * * *
Id. at 8-10; see, also, Lehman v. McBride (1863), 15 Ohio St. 573. Moreover, other states have traditionally recognized that the purpose of similar constitutional provisions is to enable the meaning and effect of amendments to be ascertained without consulting the prior statutes. See, Annotation, Applicability of Constitutional Requirement that Repealing or Amendatory Statute Refer to Statute Repealed or Amended, to Repeal or Amendment by Implication (1949), 5 A.L.R.2d 1270. Thus, when statutes amend existing statutes by implication, other states have generally found such constitutional provisions to be inapplicable. Id.
Finally, even if the "notwithstanding" clause was deemed to be an amendment to R.C. 1.58(B), it does not follow that it must be struck down as unconstitutional. The Supreme Court has long held that the provisions in Section 15(D), Article II of the Ohio Constitution are procedural and therefore directory rather than mandatory. State ex rel. Dix v. Celeste (1984), 11 Ohio St.3d 141,143-44, citing, inter alia, Lehman v. McBride (1863),15 Ohio St. 573. In Lehman, the Ohio Supreme Court specifically stated "* * * we are satisfied that the clause of the constitution which requires that `the sections so amended shall be repealed,' is merely directory to the general assembly; and that a statute can not be judicially declared invalid because that direction has not been complied with." Id. at 604. As noted by Judge Gorman, "* * * without discussion Toler treated this procedural rule as mandatory for the purpose of peremptorily striking down otherwise valid legislation. Use of a procedural rule in this manner is precisely the type of unwarranted `judicial interference with legislative action' that the [Supreme] [C]ourt [of Ohio] considered improper." Grubbs at 10.
Based upon the foregoing, we conclude that the "notwithstanding" clause of Senate Bill 269 should not be stricken as an unconstitutional amendment of R.C. 1.58(B). Accordingly, the trial court did not err by refusing to sentence appellant according with Senate Bill 2 and her first assignment of error is overruled.
In her second assignment of error, appellant asserts that her indictment failed to plead her prior theft conviction with sufficient particularity. It is well-established that a defendant, by voluntarily entering a guilty plea, waives the right to contest adverse ruling and nonjurisdictional defects that occurred before she entered her plea. State v. Kelley (1990), 57 Ohio St.3d 127; State v. Acoff (1992), 80 Ohio App.3d 765,768. Thus, by voluntarily entering a guilty plea, appellant waived her right to a direct appeal of any alleged defects in the indictment. See Stacy v. Van Coren (1969), 18 Ohio St.2d 188; Miller v. Wingard (Oct. 17, 1994), Madison App. No. CA94-05-021, unreported. Moreover, since appellant's indictment gave fair and adequate notice that the prosecution would seek to prove that she had previously been convicted of two theft offenses, the indictment was not defective and this assignment of error lacks merit. See State v. Larsen (1993), 89 Ohio St.3d 371, 379; State v. Oliver (Sept. 19, 1994), Preble App. No. CA94-03-003, unreported. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Senate Bill 2 amended R.C. 2913.11 and reduced the offense committed by appellant from a third degree felony to a first degree misdemeanor punishable by not more than six months imprisonment.
[2] The conflict among the appellate courts should be resolved soon since the Ohio Supreme Court has accepted jurisdiction to decide this issue. See, e.g., State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported, discretionary appeal allowed (1997), 80 Ohio St.3d 1448; State v. Mills (Aug. 29, 1997), Wood App. No. WD-97-012, unreported, motion to certify conflict granted (1998), 80 Ohio St.3d 1462; State v. Toler (Sept. 19, 1997), Hamilton App. No. C-96-835, unreported, motion to certify conflict granted (1998), 80 Ohio St.3d 1462. However, due to the length of time required for such an appeal, we have decided not to stay resolution of this issue.
[3] The Eighth District initially determined that Senate Bill 269 was an unconstitutional attempt to amend R.C. 1.58 without repealing it. See State v. Dempsey (Nov. 20, 1997), Cuyahoga App. No. 71479, unreported. However, a subsequent case from the Eighth District appeared to overrule Dempsey by holding that the "notwithstanding" clause was an exception, rather than an unconstitutional amendment, to R.C. 1.58. See State v. Delgado (Jan. 29, 1998), Cuyahoga App. No. 71497, unreported. A divided en banc panel of the Eighth District recently resolved this conflict by vacating the Delgado decision and holding that the "notwithstanding" clause was an unconstitutional amendment of R.C. 1.58. See State v. Delgado (Apr. 9, 1998), Cuyahoga App. No. 71497, unreported.
[4] The Second District Court of Appeals has also held that the sentencing provisions of Senate Bill 2 are not applicable to defendants who commit offenses prior to July 1, 1996, even if the defendants are sentenced on or after that date. See State v. Vance (June 27, 1997), Clark App. No. 96-CA-84, unreported. However, the Second District did not address whether the "notwithstanding" clause is an unconstitutional attempt to amend R.C. 1.58.
[5] Although this court did not address the Section 15(D), Article II constitutionality issue in Cox, the Sixth District Court of Appeals reversed a common pleas decision that found Senate Bill 269 was an unconstitutional attempt to amend R.C. 1.58 based upon our analysis and holding in Cox. See State v. Mills, Wood App. No. WD-97-012, unreported. The First District Court of Appeals primarily relied upon the reasoning of this common pleas decision, State v. Mills (Dec. 9, 1996), Wood C.P. No. 95CR331, unreported, in finding that the "notwithstanding" clause is unconstitutional even though the decision had already been reversed by the Sixth District. See State v. Toler, Hamilton App. No. C-960835, unreported.
[6] In Grubbs, Judge Gorman wrote separately to express his view that Toler was wrongly decided, but he concurred in the court's decision that the "notwithstanding" clause of Senate Bill 269 is unconstitutional "out of respect for stare decisis." Grubbs at 4.