Defendant-appellant, Michael A. McKinney ("appellant"), appeals a decision of the Clinton County Court of Common Pleas dismissing his petition for post-conviction relief without an evidentiary hearing. We affirm.
Appellant was indicted on July 20, 1990 on four counts of rape of his daughter, who was less than thirteen years old at the time of the offenses. On the day of trial, appellant changed his plea from not guilty to no contest on all counts. At the plea hearing, the trial court reviewed the written plea agreement, inquired as to whether appellant had discussed the agreement and plea options with his counsel, and informed appellant about the rights his plea would waive. The trial court determined that appellant's plea was voluntary and knowingly made. Appellant then entered his plea of no contest to each count, and the state presented its statement of the facts that would have been proven had trial taken place.
After accepting appellant's plea, the trial court found appellant guilty of all charges and proceeded with sentencing. Pursuant to the plea agreement, the state recommended that appellant receive five to twenty-five years incarceration on each count, all sentences to be served concurrently. Instead, the trial court ordered that appellant serve a five to twenty-five years term of incarceration for each count, with the terms for counts one and two to be served concurrently and the terms for counts three and four to be served concurrently, but consecutive to those of counts one and two.
Appellant filed a direct appeal, asserting that his right to a speedy trial had been violated. This court rejected both assignments of error and affirmed appellant's conviction.State v. McKinney (Aug. 21, 1995), Clinton App. No. CA95-03-007, unreported. Appellant then appealed to the Supreme Court of Ohio, arguing the same issues as in his direct appeal. The Supreme Court of Ohio dismissed the appeal for lack of any substantial constitutional question. State v. McKinney (1996),74 Ohio St.3d 1498.
On June 21, 1996, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The petition was not served upon the state. After securing leave to answer the petition and other pending motions, on February 25, 1997 the state filed a motion seeking the dismissal of appellant's amended petition. On January 23, 1998, the trial court granted the state's motion and entered findings of fact and conclusions of law. Appellant appeals, raising four assignments of error.
Assignment of Error No. 1:
 IT WAS ERROR TO DISMISS THE POST-CONVICTION PETITION AS THE SENTENCE WAS VOID DUE TO THE VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS
In the first assignment of error, appellant alleges the trial court erred by dismissing his petition for post-conviction relief. Before addressing the merits of appellant's claims, we review Ohio's post-conviction relief statute, R.C. 2953.21.
R.C. 2953.21 (A) (1) provides that:
 Any person who has been convicted of a criminal offense or adjudged a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A petitioner is not automatically entitled to an evidentiary hearing upon filing a petition for post-conviction relief.State v. Jackson (1980), 64 Ohio St.2d 107, 110. In determining whether a hearing is warranted, a petitioner bears the initial burden to provide evidence containing sufficient operative facts to demonstrate a cognizable claim of constitutional error. State v. Kapper (1983), 5 Ohio St.3d 36, 37-38, certiorari denied, 464 U.S. 856, 104 S.Ct. 174.
In addition, a claim for post-conviction relief may be dismissed as res judicata. A claim is res judicata if it was raised or could have been fairly raised at trial, or on direct appeal where defendant had appellate counsel. State v. Cole
(1982), 2 Ohio St.3d 112, 115. An exception may apply if the petitioner provides "competent, relevant, and material evidence" dehors the record. State v. Smith (1985), 17 Ohio St.3d 98,101. However, the evidence dehors the record cannot merely repackage similar evidence or issues that could have been raised on direct appeal. State v. Lawson (1995), 103 Ohio App.3d 307,315. Moreover, the evidence dehors the record must materially forward a constitutional claim of the petitioner.Id. If the new evidence is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery," res judicata still applies to the claim. Id.
Appellant's first claim for relief under the first assignment of error alleges that the trial court failed to follow the procedures set forth in Crim.R. 11 in accepting his no contest plea. Appellant claims that the plea agreement which induced his plea was never read into the record.
Criminal Rule 11(F) mandates that when a plea agreement is reached in felony cases, that agreement shall be read into the record.[1] When accepting a plea implicates constitutional rights, the trial court's acceptance of the plea will be affirmed so long as the trial court substantially complied with the requirements of Crim.R. 11 and engaged in a meaningful dialogue with the defendant which explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant."State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus; State v. Anderson (1995), 108 Ohio App.3d 5, 9, appeal dismissed (1996), 75 Ohio St.3d 1494. When non-constitutional rights given by Crim.R. 11 are implicated in the acceptance of a plea, the trial court will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11 and the defendant subjectively understood the implications of his plea and the nature of the non-constitutional rights he was waiving. State v. Nero (1990),56 Ohio St.3d 106, 108.
We first note that issues, such as compliance with Crim.R. 11, which were raised or could have been raised before the trial court or on appeal are res judicata in a post-conviction relief proceeding. State v. Ishmail (1981), 67 Ohio St.2d 16,18. Appellant's present claim attacking his plea should have been raised on appeal, and it is barred by res judicata unless appellant can provide evidence dehors the record. Smith,17 Ohio St. 3d at 101.
A review of the transcript of the sentencing hearing reveals that, although the plea agreement was not specifically read into the record, the trial court stated that appellant's plea was in return for a plea agreement before the court. Furthermore, the record clearly demonstrates that the agreement before the court was that appellant would plea no contest to all four counts of rape, and that the state would recommend that all sentences be served concurrently. Thus, the trial court substantially complied with the requirements of Crim.R. 11.
In his second claim for relief under the first assignment of error, appellant argues that the trial court failed to adhere to the plea agreement when it sentenced him more severely than recommended by the state. We find that the trial court did not err in sentencing appellant.
It is true that a trial court should not summarily reject the recommendation of sentence given by the prosecution as part of a plea agreement. Nonetheless, so long as the trial court substantially complies with Crim.R. 11, final judgment on acceptance of a plea agreement and sentencing rests with the trial court. State v. Acoff (1992), 80 Ohio App.3d 765, 767;Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 109. The trial court does not abuse its discretion by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties and that the trial court has the power to impose the greater penalty. State v. Darmour (1987), 38 Ohio App.3d 160, syllabus.
In the present case, the trial court informed appellant of the possible penalties, and we cannot say that it erred by imposing the more severe sentence. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 IT WAS ERROR TO DISMISS THE POST-CONVICTION PETITION WHEN PETITIONER WAS NOT INFORMED THAT HE WAS NOT ENTITLED TO PROBATION IN VIOLATION OF CRIMINAL RULE 11(C) (2).
In his second assignment of error, appellant attacks his conviction by asserting that he was not fully informed of the consequences of his plea. Appellant claims that the trial court failed to inform him that he would not be eligible for probation as required by Crim.R. 11(C),[2] and therefore his plea should be vacated.
As noted above, matters which should have been raised either before the trial court or through direct appeal may not be raised through post-conviction relief proceedings.Cole, 2 Ohio St.3d 115. In the present case, appellant is correct that the trial court did not specifically inform him that he would not be eligible for probation. On the other hand, the trial court did inform appellant that he would be receiving an indefinite term of imprisonment of up to twenty-five years. Appellant also responded affirmatively when asked if he had discussed all of the consequences of his plea with his counsel.
This issue is one which should have been raised on direct appeal. A violation of Crim.R. 11(C) which
 appears on the face of the record but is never directly appealed is not per se susceptible to collateral attack by way of post-conviction proceeding pursuant to R.C. 2953.21. Under the doctrine of res judicata the Crim.R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue.
Ishmail, 67 Ohio St.2d at 18. In the present case, the record clearly demonstrates that appellant was informed as to the nature of the charges against him and of the applicable penalties. It is also clear that appellant understood the consequences of his plea, and that appellant knowingly and voluntarily waived his constitutional rights.
In light of appellant making a knowing and voluntary plea, any mistaken belief that appellant may have had regarding the consequences of his plea is not sufficient to invalidate the plea. State v. Sabatino (1995), 102 Ohio St.3d 483, 486,657 N.E.2d 527. In exchange for his plea, appellant avoided trial on the charges against him. The nature of the bargain does not suggest that appellant could have reasonably expected to receive probation. See Nero, 67 Ohio St.2d at 108. Thus, appellant suffered no prejudice by the trial court's omission. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 IT WAS ERROR FOR THE COURT TO FAIL TO FIND THAT THE COUNSEL FOR THE APPELLANT WAS INEFFECTIVE WHEN COUNSEL FAILED TO INSURE THAT THE APPELLANTS [sic] RIGHTS TO DUE PROCESS WERE PRESERVED BY ALLOWING CRIMINAL RULE 11 PROCEDURAL REQUIREMENTS TO BE IGNORED.
In his third assignment of error, appellant contends that his trial counsel provided ineffective assistance. Appellant asserts that trial counsel failed to ensure that his plea hearing complied with Crim.R. 11 by failing to insist that the record reflect the plea agreement and that appellant was not eligible for probation. Based upon our foregoing discussions of appellant's first and second assignments of error, we find appellant's argument to be without merit.
To demonstrate ineffective assistance of counsel, appellant must satisfy a two prong test: (1) show that counsel's representation fell below an objective standard of reasonableness; and (2) show that counsel's actions prejudiced appellant at trial. Strickland v. Washington (1986),466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068. Prejudice means "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. Moreover, an appellate court may assume deficient performance "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." State v. Loza (1994), 71 Ohio St.3d 61, 83.
Even assuming that counsel had been ineffective in some respect, we cannot find how appellant would have been prejudiced by such deficiency. As noted above, the trial court substantially complied with the requirements of Crim.R. 11, and, even where the trial court did not fully comply with the mandates of Crim.R. 11, appellant did not suffer prejudice. Appellant received a substantial benefit for his plea bargain, and we cannot say that any supposed deficiency in his counsel would have altered appellant's decision. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 IT WAS ERROR FOR THE COURT TO DISMISS A PRO-SE PETITION FOR POST-CONVICTION RELIEF WHEN THE LEGAL CLAIM IS NOT CLEAR ON THE FACE OF THE PETITION.
In his final assignment of error, appellant asserts that the trial court should have ordered him to clarify his petition of post-conviction relief rather than dismissing the petition. Appellant argues that his petition was based upon the contention that the trial court did not adhere to the plea agreement, but because the petition was illegible, the state argued a point not in the petition.
Given our disposition of appellant's other assignments of error, appellant's claim is without merit. The issue of whether the trial court properly sentenced appellant in light of the plea agreement has been considered. The trial court acted within its discretion in accepting appellant's plea and in sentencing appellant, and no error occurred. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Crim.R. 11(F) reads:
 Negotiated plea in felony cases. When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.
[2] Crim.R. 11(C) provides, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.