JOURNAL ENTRY AND OPINION
Defendant-appellant David Hall "(defendant"), pro se, appeals the decision of the trial court denying his request to have a forfeiture hearing and denying his motion to suppress alleged illegally obtained evidence.
On July 6, 1995, the Cleveland Police executed a search warrant at defendant's place of residence. Defendant was subsequently charged in two separate cases. In the first case, defendant was charged with a single count of rape in violation of R.C. 2907.02. The indictment specified that defendant engaged in sexual conduct with the victim by purposefully compelling him to submit by force or threat of force. In the second case, defendant was charged with drug trafficking, drug abuse including a specification alleging a prior drug conviction, possession of criminal tools, and having a weapon while under a disability.
On October 30, 1995, defendant entered a plea of guilty to the crime of rape as charged in the first case. On the same day, defendant pleaded guilty in his second case to drug abuse and possessing criminal tools. He was then sentenced to a term of eighteen months for the drug abuse and eighteen months for possessing criminal tools. These sentences were ordered to run concurrent but consecutive to the term of eight-to-twenty-five years for the rape conviction.
Defendant timely filed his notice of appeal and presents two assignments of error. However, we need not address these assignments of error based on State v. Kelley (1991), 57 Ohio St.3d 127, where the Court held absent any showing that defendant was coerced or induced into making a plea, the effect of a plea of guilty following trial and before sentencing was to waive all appealable errors which might have occurred at trial including statutory speedy trial grounds. See, also, State v. Acofff
(1992), 80 Ohio App.3d 765 and State v. Barnett (1991), 73 Ohio App.3d 244. Accordingly, defendant's two assignments of error are moot.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., ANNE L. KILBANE, J., CONCUR.
 ____________________ JOHN T. PATTON PRESIDING JUDGE