DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Ricky Rodgers, pled no contest to two counts of aggravated robbery and one count of felonious assault.
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, counsel for appellant states that after carefully reviewing the record on appeal and researching the case and statutory law relating to potential issues disclosed by the record, she has been unable to locate any appealable issues. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error:
"FIRST ASSIGNMENT OF ERROR
 WHETHER THE DEFENDANT'S SENTENCE WAS IN VIOLATION OF THE PLEA AGREEMENT IN THE INSTANT MATTER.
"SECOND ASSIGNMENT OF ERROR
 WHETHER DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On November 23, 1998, appellant was indicted and charged with two counts of aggravated robbery in violation of R.C.2911.01(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2). In addition, firearm specifications were attached to both aggravated robbery charges. At his arraignment, appellant pled not guilty to the charges and the case was set for trial. On January 29, 1999, however, appellant, in open court, withdrew his not guilty plea and, pursuant to a plea agreement, pled no contest to two counts of aggravated robbery and one count of felonious assault. As part of the plea agreement, the state agreed to drop the gun specifications attached to the aggravated robbery charges and agreed to recommend to the court that appellant receive a sentence of no more than ten years incarceration. The court then questioned appellant regarding his understanding of the plea agreement. During this questioning, the court informed appellant that each crime with which appellant was charged carried a potential term of imprisonment of three to ten years and a maximum fine of $20,000. The court further stated that if all three sentences were to run consecutively, appellant would receive a maximum sentence of sixty years and a maximum fine of $60,000. In addition, the court informed appellant that it was not bound by the state's recommendation. Upon questioning by the court, appellant stated that he understood all of the ramifications of the plea and understood that the court was not bound by the state's recommendation. The court further informed appellant of his constitutional rights and obtained from appellant his verbal and written acknowledgment that he understood those rights. At the conclusion of the hearing, the court found that appellant's plea was knowing and voluntary and thereafter found appellant guilty of the three charges. The court then referred the matter to the probation department for a presentence investigation and report and scheduled the case for sentencing.
On February 26, 1999, the case came before the trial court for sentencing. After taking statements from appellant's trial counsel, the state and appellant himself, the court stated that it was following the state's recommendation, sentenced appellant to ten years incarceration on each charge and ordered that the terms run concurrently. On March 1, 1999, the court filed a judgment entry reflecting that sentence. It is from that sentence that appellant now appeals.
In his first potential assignment of error, appellant questions whether the sentence imposed by the court was in violation of the plea agreement entered into between appellant and the state.
It is well-settled that "[w]hen the trial court substantially complies with Crim.R. 11(C), the sentence that it imposes is within its discretion." State v. Acoff (1992),80 Ohio App.3d 765, 767. Upon a thorough review of the record, we conclude that the trial court substantially complied with Crim.R. 11(C) before sentencing appellant as it did. Moreover, where a court forewarns a defendant that it is not bound by any recommendation made by the state in sentencing the defendant, a court does not abuse its discretion by failing to follow that recommendation. State v. Darmour (1987), 38 Ohio App.3d 160. In the present case, prior to accepting appellant's plea, the trial court warned appellant that it was not bound to follow the state's recommendation in regards to sentencing. Nevertheless, the court did in fact follow that recommendation. We therefore fail to see any error in the sentence imposed upon appellant and the first potential assignment of error is not well-taken.
In his second potential assignment of error, appellant questions whether he was denied the effective assistance of trial counsel in the proceedings below. In particular, he suggests that his trial counsel did not adequately explain to him the complete sentencing parameters and that his attorney failed to enforce the plea agreement. Given, however, that the record demonstrates that the court substantially complied with Crim.R. 11(C) before accepting appellant's no contest plea and given our conclusion under the first potential assignment of error, we fail to see how appellant's trial counsel was ineffective as that term is defined by Strickland v. Washington (1984), 466 U.S. 668. Accordingly, the second potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J., JAMES R. SHERCK, J., and MARK L. PIETRYKOWSKI, J., concur.