OPINION *Page 2 
{¶ 1} The defendant-appellant, Johnny A. Moore, appeals the judgment of the Union County Common Pleas Court sentencing him to four years in prison.
 {¶ 2} On May 19, 2006, the Union County Grand Jury indicted Moore on one count of escape, a violation of R.C. 2921.34(A)(1), (C)(2)(b), a third-degree felony. The indictment was obtained after Moore escaped from the West Central Community Based Corrections Facility. Upon leaving the facility, Moore met his wife, Gidget Moore, and fled for Florida with their children. However, they were apprehended in Tennessee. Gidget was also indicted for her involvement in committing the offense.
 {¶ 3} After pleading not guilty, Moore entered into plea negotiations with the State of Ohio. On June 29, 2006, the parties filed a joint sentencing recommendation. The State agreed to recommend a two-year prison term in exchange for Moore's guilty plea. The recommendation also stated, "[a]s a condition of the plea agreement[,] the [defendant must truthfully disclose all information regarding Gidget Moore and testify if necessary." Moore pled guilty, and the trial court ordered a pre-sentence investigation. In the meantime, Gidget pled guilty and was sentenced, thereby eliminating the need for Moore to testify against her. *Page 3 
 {¶ 4} The court held Moore's sentencing hearing on August 15, 2006, at which time the State deviated from the recommended sentence and requested a prison term of four years. The State based its request on Moore's failure to provide a truthful statement about the offense. At the hearing, Sergeant Eric Yoacum was questioned by the court, the State, and defense counsel, and he testified about the interviews he had conducted with Moore, Gidget, and the children. Moore declined the opportunity to question Yoacum directly; however, he did speak in mitigation. At the conclusion of the testimony and Moore's statement, the court imposed the requested four-year prison term and filed its judgment entry reflecting the same. Moore appeals the judgment of the trial court and asserts one assignment of error for our review.
 Assignment of Error The trial court erred when it failed to honor the sentencerecommendation.
 {¶ 5} Moore contends the State was bound to request a two-year sentence because it entered into a contract through the recommended sentencing agreement. Moore contends that the State may not deviate from the contract because he did not have the opportunity to testify truthfully against Gidget since her case was not taken to trial. Also, Moore argues that the trial court erred when it imposed a four-year sentence because the court wrongly assumed that he had lied to investigators. *Page 4 
 {¶ 6} The State agrees that a plea agreement creates a contract, which may be rescinded if either party breaches a material term. However, the State contends that Moore breached a material term of the contract by failing to provide a truthful statement about Gidget's involvement with the offense, and therefore, it was entitled to request a more severe sentence. Finally, the State asserts that trial courts are not bound to impose a recommended sentence.
 {¶ 7} A trial court has broad discretion in sentencing a defendant.State v. Mallory, 3rd Dist. No. 1-06-69, 2007-Ohio-1083, at ¶ 9, citingState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 100. Therefore, absent an abuse of discretion, a trial court's sentence will not be reversed on appeal. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
"Final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court," and therefore, the terms of a negotiated plea agreement do not restrict a court's discretion in sentencing. State v. Pettiford, 12th Dist. No. CA2001-08-014, 2002-Ohio-1914, citing In re Disqualification of Mitrovich (1990),74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333; State v. Elliott (1993),86 Ohio App.3d 792, 797, 621 N.E.2d 1272; State v. McKinney (Feb. 8, *Page 5 
1999), 12th Dist. No. CA98-02-008, unreported, citing State v.Acoff (1992), 80 Ohio App.3d 765, 767, 610 N.E.2d 619; Akron v.Ragsdale (1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119.
 While a trial court should not completely disregard the sentence recommended by the prosecutor, it does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.
Id., citing State v. Darmour (1987), 38 Ohio App.3d 160, 529 N.E.2d 208.
 {¶ 8} Prior to entering his plea, Moore was notified that the trial court could depart from the parties' joint sentencing recommendation. The written change of plea, which was signed by Moore and filed on July 13, 2006, contained a statement apprising him of the potential sentences the trial court could impose. Also, the sentencing recommendation, which Moore signed, stated, "[i]t is understood that the foregoing is a binding agreement between the parties, and although not binding on theCourt, if the Court adopts the agreement and imposes it for sentencing, it is not appealable * * * ." (Emphasis added.). Since Moore did not request a transcript from the change of plea hearing, we must presume regularity in the trial court's proceedings. State v. Miyamoto, 3rd Dist. No. 14-05-43, 2006-Ohio-1776, at ¶ 11, quoting Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617; State v.Pringle, 3rd Dist. No. 2-03-12, 2003-Ohio-4235, at ¶ 10 *Page 6 
("Absent a complete and adequate record, `[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below.'"). Therefore, at the time he entered his plea, Moore was on notice that the trial court could deviate from the recommended two-year prison term.
 {¶ 9} At the sentencing hearing, the State requested a four-year prison term, arguing that Moore violated the terms of the plea agreement when he failed to give an honest statement to investigators concerning Gidget's involvement in the offense. Upon questioning by the court, Sgt. Yoacum testified that he had interviewed Moore, Gidget, and their children. Answering questions posed by defense counsel, Sgt. Yoacum stated that Gidget's statement was consistent with the children's statements, and that Moore's version of events was the only statement that differed. Sgt. Yoacum answered several questions from the State, and the court asked Moore if he wanted to question the witness. Having no questions, Moore made a statement in mitigation, which amounted to an apology and an attempt to rationalize his criminal behavior.
 {¶ 10} In imposing sentence, the court stated that it had considered Moore's statement in mitigation, counsels' statements, Sgt. Yoacum's testimony, the record, and the principles and purposes of felony sentencing. The court also told Moore:
 [t]he public needs protection from you because you've demonstrated that you're going to lie to do whatever you want to *Page 7 do and whatever your wife wants to do. And you'll lie for them. And so the court takes that into consideration. I want you to understand you had a deal for two years had you testified truthfully. You did not. * * * the next two years you think real hard because you turned around and lied and you deceived and you were just plain crooked as could be when you were making your bargains. And that's what you're getting the other two years for.
(Hearing Tran., Oct. 25, 2006, at 11:8-14; 12:20-24).
 {¶ 11} The parties' agreement was clear that Moore would give a truthful statement about Gidget's involvement, and that he would testify against her if necessary. Gidget's guilty plea in her case eliminated the need for Moore to testify against her; however, he was still required to give a truthful statement to investigators. Apparently, the trial court gave little credibility to Moore and believed, based on the other evidence, that he had violated the terms of the recommended sentencing agreement by not providing a truthful statement. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraph one of the syllabus ("the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."). On this record, the trial court did not abuse its discretion, and the sole assignment of error is overruled.
 {¶ 12} The judgment of the Union County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concurs. *Page 1