OPINION
{¶ 1} Appellant John Robenolt challenges his three-day jail sentence for leaving the scene of an accident. On review, the record reveals that the trial court did not allow Appellant to speak at sentencing. There are no other apparent errors in the trial court proceedings. The sentence of the Youngstown Municipal Court is hereby reversed and the case remanded for resentencing.
 {¶ 2} Because the state did not respond to this appeal, this Court may accept Appellant's presentation of the facts and issues as correct, and reverse the judgment if it is reasonable to do so. App.R. 18(C).
 {¶ 3} According to Appellant, on April 2, 2004, he was driving southbound on South Glenellen Avenue on the west side of Youngstown, when he slid off the road and hit a fire hydrant. He left the scene and walked home. The hydrant was not damaged, and no other persons or vehicles were involved in the accident. He went to the police on April 5, 2004, and was cited for failure to control and for leaving the scene of an accident. On April 6, 2004, he was given appointed counsel and entered a plea of not guilty.
 {¶ 4} On May 7, 2004, Appellant entered a Crim.R. 11 plea agreement. He agreed to plead no contest to one count of leaving the scene of an accident, in violation of R.C. § 4549.02, a first degree misdemeanor. The prosecutor dismissed the failure to control charge. The prosecutor agreed to recommend a sentence of one year of community control sanctions with monthly reporting, a $100 fine, and court costs. The plea was approved and accepted by the trial court. The court ordered a pre-sentence investigation ("PSI") to be performed.
 {¶ 5} Sentencing took place on June 2, 2004. The PSI noted that Appellant had pleaded guilty to three DUI's in 1989 and 1991; that Appellant was cited for failure to yield in 2003; that Appellant was 34 years old; that he completed the 9th grade and had no GED; that he suffered brain damage from a prior car accident; that he does not currently use drugs or alcohol; and that he has no financial assets, is unemployed, and receives $454 per month in Supplemental Security Income ("SSI") payments. The PSI recommended three days in jail, and recommended that Appellant obtain his GED.
 {¶ 6} At sentencing, Appellant's attorney explained that Appellant had been injured in 1995 when he was struck by a vehicle. (Tr., p. 3.) Appellant is now permanently brain-damaged and receives SSI for total disability.
 {¶ 7} The trial court rejected the prosecutor's recommendation of no jail time. The court imposed a three-day jail sentence, along with other community control sanctions, a fine, and court costs. Appellant filed this timely appeal on June 3, 2004.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "THE TRIAL COURT COMMITTED ERROR IN FAILING TO PERMIT THE DEFENDANT THE RIGHT OF ALLOCUTION."
 {¶ 10} Crim.R. 32(A)(1) states:
 {¶ 11} "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At thetime of imposing sentence, the court shall do all of thefollowing:
 {¶ 12} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask ifhe or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." (Emphasis added.)
 {¶ 13} The Ohio Supreme Court has held that, "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." State v.Campbell (2000), 90 Ohio St.3d 320, 738 N.E.2d 1178, paragraph three of the syllabus.
 {¶ 14} The right of a defendant to make a final statement prior to sentencing, usually called the right of allocution, applies to both misdemeanor and felony convictions. Defiance v.Cannon, (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884; Statev. Jones, 7th Dist. No. 02BE65, 2003-Ohio-3285. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed."Cannon, supra, at 828. The right to allocution is not satisfied simply because the sentencing judge asked the defendant one or more questions during sentencing. Id.
 {¶ 15} Although the trial judge did ask Appellant some questions about whether he had talked to a probation officer prior to the sentencing hearing, this does not fulfill the requirements of Crim.R. 32(A). Appellant was not given an opportunity to make a final statement prior to sentencing, and therefore, the sentence must be vacated and the case remanded for resentencing.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO JAIL CONTRARY TO OHIO'S MISDEMEANOR SENTENCING GUIDELINES."
 {¶ 18} Appellant contends that his three-day jail sentence violates the new misdemeanor sentencing guidelines which took effect on January 1, 2004. Appellant contends that the purpose of misdemeanor sentencing is now: 1) to protect the public from future crime; and 2) to punish the offender. R.C. § 2929.21(A).
 {¶ 19} According to this Court's recent decision in State v.Crable, 7th Dist. No. 04 BE 17, 2004-Ohio-6812:
 {¶ 20} "Sentencing is within the discretion of the trial court and ordinarily will not be disturbed absent an abuse of discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 95, citing Columbus v. Jones (1987), 39 Ohio App.3d 87. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Joseph (1996), 109 Ohio App.3d 880,882, citing State v. Adams (1980), 62 Ohio St.2d 151, 157. When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. In theMatter Of: Michael L. Slusser (2000), 140 Ohio App.3d 480, 487.
 {¶ 21} "According to R.C. 2929.22, the trial court must consider the criteria listed in that statute before sentencing someone convicted of a misdemeanor. However, the trial court is not required to recite on the record its reasons for imposing the sentence. State v. Baker (1984), 25 Ohio Misc.2d 11, 13, citingState v. Bentley (May 6, 1981), 1st Dist. No. C-800378. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing otherwise. Wagner,80 Ohio App.3d at 95-96. Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing.State v. Flors (1987), 38 Ohio App.3d 133, 140. A silent record raises the presumption that the trial court considered all of the factors listed in R.C. 2929.12. State v. Fincher (1991),76 Ohio App.3d 721, 727, citing State v. Adams (1988),37 Ohio St.3d 295." Id. at ¶ 23-24.
 {¶ 22} Appellant agrees that a silent record will normally support the presumption that all the statutory criteria were considered. According to Appellant, though, the record is not silent. The sentencing hearing transcript reveals that the trial court's main concern was to deter Appellant from future driving due to the fact that he was permanently disabled from a brain injury. Appellant believes that the trial court unlawfully considered his disability in imposing a jail term when that disability did not prevent Appellant from obtaining a driver's license or otherwise restrict his right to drive. Appellant contends that an irrelevant disability is not a valid consideration for imposing a jail sentence under the current misdemeanor sentencing guidelines.
 {¶ 23} Furthermore, Appellant argues that the trial court failed to consider community control sanctions as required by R.C. § 2929.22(C): "(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26,2929.27, and 2929.28 of the Revised Code."
 {¶ 24} Unlike felony sentencing, the current misdemeanor sentencing guidelines do not require the trial judge to make a sharp dichotomy between imposing a jail term versus imposing community control sanctions. R.C. § 2929.25(A) states:
 {¶ 25} "(A)(1) Except as provided in sections 2929.22 and2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of thefollowing:
 {¶ 26} "(a) Directly impose a sentence that consists of oneor more community control sanctions authorized by section2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the courtimposes a jail term upon the offender, the court may impose anycommunity control sanction or combination of community controlsanctions in addition to the jail term.
 {¶ 27} "(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jailterm imposed, and place the offender under a community controlsanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code." (Emphasis added.)
 {¶ 28} In misdemeanor cases, trial courts retain the ability to impose and then suspend jail terms and to impose any combination of community control sanctions along with those jail terms. Appellant appears to interpret the new misdemeanor guidelines as setting up strict division between jail sentences and community control sanctions, when in fact, trial courts retain essentially the same authority to impose any combination of penalties as existed with the prior misdemeanor sentencing statutes.
 {¶ 29} Although the trial court did not specifically say, "I have considered the appropriateness of community control sanctions," the record clearly shows that the topic was discussed. Appellant's attorney raised the issue a number of times (Tr., pp. 4, 7, 11.) The major focus of the sentencing hearing was whether the court could or should impose a three-day jail term, in addition to community control sanctions, as the most effective means to prevent Appellant from committing future driving offenses. The judge was obviously torn between the prosecutor's recommendation of no jail time, and the PSI recommendation of three days in jail. At one point the judge said that "I'M LEANING MORE TOWARD THE [PSI], AS OPPOSED TO WHAT THE PROSECUTION RECOMMENDED." (Emphasis in original.) (Tr., p. 8.) The fact that the judge said he was "leaning" indicates that he was considering more than one option.
 {¶ 30} This is certainly not a case in which the trial judge simply ignored the possibility of community control sanctions and arbitrarily imposed jail time. In fact, the court imposed some community control sanctions in addition to the jail term. Appellant was required to obtain remedial education (in the form of a driving course), and education is listed as a community control sanction in R.C. § 2929.27(A)(11). The court also allowed Appellant to perform community service in lieu of fines, which is listed as a type of community control sanction in R.C. §2929.27(C). Thus, to say that the court did not consider community control sanctions is clearly incorrect, since the judge actually imposed some community control sanctions.
 {¶ 31} Appellant also contends that the trial court failed to consider or satisfy any of the criteria for imposing sentences as found in R.C. § 2929.22(B), which states:
 {¶ 32} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 33} "(a) The nature and circumstances of the offense or offenses;
 {¶ 34} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 35} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 36} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 37} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B) (1)(b) and (c) of this section.
 {¶ 38} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 39} R.C. § 2929.22(B) is not limited to those situations in which a jail term is imposed, but rather, contains the general factors a court must consider in imposing any sentence for a misdemeanor crime. The record reveals that the trial court considered the nature of the offense (a hit-and-run accident) and the history of Appellant's criminal conduct, including his earlier DUI's in 1989 and 1991 and his traffic ticket in 2003. The court also considered whether the offender's character and condition presents a substantial risk to others, in that the trial court obviously thought that Appellant's disability presented a risk to others, at least when Appellant was driving and considered whether Appellant's disability made him particularly vulnerable to recommitting the offense. These are all the types of factors discussed in R.C. § 2929.22(B).
 {¶ 40} Appellant's attorney and the trial judge specifically discussed the terms and general requirements of the new misdemeanor sentencing laws, and the trial court's comments at sentencing indicate a familiarity with the new guidelines, particularly those in R.C. § 2929.22(B).
 {¶ 41} Appellant presents no authority for the proposition that a trial judge cannot impose a short jail sentence to deter a traffic offender from committing future traffic offenses if the offender has been declared permanently disabled due to a brain injury. Furthermore, Appellant did have prior traffic convictions, including a citation for failure to yield in 2003. Thus, Appellant's disability was not the only reason for the imposition of a jail term. The trial court's decision to impose three days in jail may seem harsh, but it is certainly within the spectrum of sentences available under the misdemeanor sentencing laws.
 {¶ 42} In conclusion, Appellant's first assignment of error is sustained because the trial court failed to permit Appellant to exercise his right of allocution at sentencing. Appellant's second assignment of error is overruled. The sentence imposed by the Youngstown Municipal Court is vacated, and this case is remanded for resentencing.
Donofrio, P.J., and DeGenaro, J., concurs.