OPINION
{¶ 1} This appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, David Mikolaj, appeals the decision of the Mahoning County Court No. 4 that found him guilty of petty theft and sentenced him accordingly. Mikolaj raises three issues on appeal.
 {¶ 2} First, Mikolaj contends that an eye-witness identification of him is constitutionally unreliable and should not have been admitted against him. However, the totality of the circumstances shows the trial court did not abuse its discretion when it concluded that the identification was reliable and, therefore, admissible.
 {¶ 3} Second, Mikolaj claims that his conviction is against the manifest weight of the evidence. His argument is primarily based on the alleged unreliability of the eyewitness identification, but that identification, along with other facts, show that the trial court did not lose its way when it determined that Mikolaj was the person who committed this offense.
 {¶ 4} Finally, Mikolaj argues the trial court erred when it denied him his right to allocution. Crim.R. 32(A)(1) gives a defendant the right to address the trial court before it imposes sentence. In this case, the trial court rendered its verdict and imposed its sentence simultaneously. Accordingly, the trial court improperly denied Mikolaj his right to allocute.
 {¶ 5} For these reasons, Mikolaj's sentence is vacated and this case is remanded for resentencing.
 Facts {¶ 6} On February 27, 2005, Timothy Mayle was working at a True North gas station, when a man walked into the station. The man was looking for a particular brand of beer and asked Mayle if that brand was in stock. Mayle came out from behind the counter and showed the man where to find the beer, but it was out of stock. Mayle walked back to the counter, to see the man walking out of the store with two cases of beer for which he had not paid. Mayle called the police, who later determined that Mikolaj was the man at the store after reviewing surveillance video. *Page 2 
 {¶ 7} At a bench trial six months after the crime, Mayle identified Mikolaj as the man who stole the beer from True North. A police officer testified that he identified Mikolaj after reviewing surveillance video. Mikolaj and his parents all testified that Mikolaj had been at his parents' home and did not have an opportunity to steal the beer.
 {¶ 8} The trial court found Mikolaj guilty of petty theft and sentenced him accordingly. The trial court did not offer Mikolaj the opportunity to make a statement prior to sentencing.
 Identification {¶ 9} In his first assignment of error, Mikolaj argues:
 {¶ 10} "The trial court erred in permitting the in-court identification of Appellant in violation of Appellant's due process rights as guaranteed by the United States Constitution Amendment XIV."
 {¶ 11} Mikolaj contends that the in-court identification of him by the only eye witness, Mayle, is suspect since there was no pretrial identification, six months had passed since the incident, and the witness's initial description differs from Mikolaj's actual description. He contends that allowing the witness to identify him as the perpetrator denied his rights under the Due Process Clause of theFourteenth Amendment.
 {¶ 12} Under the Due Process Clause, when a challenged identification is unreliable, then testimony as to the identification is inadmissible.Neil v. Biggers (1972), 409 U.S. 188, 198. Due process demands a "fair assurance against the awful risks of misidentification." Manson v.Brathwaite (1977), 432 U.S. 99, 109. Identification testimony is constitutionally unreliable if the identification procedure was so impermissibly suggestive that there was "a substantial likelihood of irreparable misidentification." Simmons v. United States (1968),390 U.S. 377, 384. This standard encompasses a two-part test: 1) deciding whether the identification procedure used was impermissibly suggestive and 2) deciding whether, under all the circumstances, the identification was reliable. State v. Waddy (1992), *Page 3 63 Ohio St.3d 424, 438-439.
 {¶ 13} The identification procedure used in this case, viewing the defendant when he is on trial, is an impermissibly suggestive procedure.State v. Marshall (2000), 136 Ohio App.3d 742, 750; State v.Pearson (1996), 114 Ohio App.3d 168, 184. Thus, the identification is only admissible if, under all the circumstances, it appears that the identification is "the result of observations at the time of the crime" and, therefore, reliable. State v. Davis, 76 Ohio St.3d 107, 112, 1996-Ohio-0414, citing Coleman v. Alabama (1970), 399 U.S. 1, 5-6. The factors to be considered to determine an identification's reliability "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers (1972),409 U.S. 188, 199-200.
 {¶ 14} This court reviews the trial court's decision to admit in-court identification for an abuse of discretion. State v. Gross,97 Ohio St.3d 121, 2002-Ohio-5524, at ¶ 22. The phrase "abuse of discretion" connotes more than an error of law or of judgment; rather, it implies the trial court's decision is unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. When reviewing a decision for an abuse of discretion, this court should not independently weigh the evidence, but be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Furthermore, this court may not substitute its judgment for that of the trial court merely because it would not have made the same choice.State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
 {¶ 15} In this case, Mikolaj was in the gas station with Mayle for five or ten minutes and Mayle had a brief face-to-face conversation with Mikolaj where they made direct eye contact. Mayle stated that Mikolaj was not a regular customer of the store and that he had not seen Mikolaj before that night. In his statement to the police, Mayle stated that Mikolaj was about 5'10" and weighed about 170 pounds. Mayle later testified that he was not good at estimating height and weight. At trial, *Page 4 
Mayle described Mikolaj as "around six foot" with a "medium" build and testified that Mikolaj was "definitely" the person he saw that night. The trial took place about six months after the offense occurred and Mayle admitted that he could not remember certain details about the crime.
 {¶ 16} Given these facts, the trial court did not abuse its discretion when it concluded that Mayle's identification of Mikolaj as the offender was reliable. Mayle had an adequate opportunity to view Mikolaj at the time of the offense. Furthermore, Mayle paid attention to Mikolaj, as evidenced by the face-to-face conversation the two had, where Mayle and Mikolaj looked at each other in the eyes. Mayle's description of Mikolaj at the time differed slightly from his description at trial, but these differences appear minor. Someone who is six feet tall with a medium build could easily be described as 5'10" and 170 pounds. At trial, Mayle was certain that Mikolaj was the man he saw that night. These facts all demonstrate the reliability of the identification.
 {¶ 17} Of course, it would be better police practice to have Mayle identify Mikolaj in some other way prior to trial. For instance, officers could have had Mayle identify Mikolaj in either a photo line-up or an actual line-up. But Mayle's in-court identification of Mikolaj as the man who committed this crime is not unreliable merely because there were other, more reliable, methods of identification.
 {¶ 18} Fundamentally, we are limited by our standard of review. We may not second guess the trial court's decision on these facts, since it was in a position to observe the witness and to judge the reliability of his identification. We cannot say the trial court abused its discretion when allowing this identification. Mikolaj's first assignment of error is meritless.
 Manifest Weight {¶ 19} In his second assignment of error, Mikolaj argues:
 {¶ 20} "Appellant's conviction was against the manifest weight of the evidence."
 {¶ 21} Mikolaj contends that the record does not support his conviction since *Page 5 
the witness's identification is unreliable and he presented alibi testimony. Mikolaj's argument is meritless.
 {¶ 22} When reviewing a manifest weight claim, this court's role is to examine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-0533. To do this, a reviewing court must sit as the "thirteenth juror" and examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-0052, quotingState v. Martin (1983) 20 Ohio App.3d 172, 175. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. at 387, quoting Martin at 175.
 {¶ 23} Mikolaj was convicted of petty theft under R.C. 2913.02(A)(1). That statute provides:
 {¶ 24} "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Id.
 {¶ 25} On appeal, Mikolaj does not argue about whether someone committed petty theft in True North that night. Rather, Mikolaj argues that he is not the person who committed that theft. "Identity is in issue when the fact of the crime is open and evident but the perpetrator is unknown and the accused denies that he committed the crime."State v. Smith (1992), 84 Ohio App.3d 647, 666.
 {¶ 26} In this case, there is conflicting evidence regarding whether Mikolaj is the person who committed the offense. Mayle testified that he was certain that Mikolaj was the person who stole the beer from True North, though there were questions about the reliability of this identification. However, the investigating officer saw a security video taken that night and was able to immediately identify Mikolaj as *Page 6 
the perpetrator of this offense, stating that he could identify Mikolaj because he had known him for twenty years. Finally, when Mikolaj was given an opportunity on redirect examination to explain how he could not have been identified as the person who committed this offense, Mikolaj said, "The officer here said that when he first saw the picture he recognized me as David Mikolaj because of the red hair. I have a hat." This testimony could be interpreted as tantamount to a confession that Mikolaj was, in fact, the person wearing the hat in the video.
 {¶ 27} In contrast, both Mikolaj's parents and Mikolaj himself testified that he was at their house after dusk all night.
 {¶ 28} The weight to be given the evidence and the credibility of the witnesses are primarily issues for the trier of fact and this court should not substitute its judgment for that of the factfinder. State v.Ballew, 76 Ohio St.3d 244, 249, 1996-Ohio-0081; State v. Jenks (1991),61 Ohio St.3d 259, 279. In this case, the trial court did not lose its way when it believed the testimony of an independent eye-witness and police officer, rather than the testimony of Mikolaj and his parents. Mikolaj's arguments to the contrary are meritless.
 Right of Allocution {¶ 29} In his final assignment of error, Mikolaj argues:
 {¶ 30} "The trial court committed plain error in failing to permit the Defendant the right of allocution."
 {¶ 31} In this case, the trial court announced its verdict and sentence simultaneously. Mikolaj argues he should have been allowed to address the trial court before it imposed a sentence upon him.
 {¶ 32} Crim.R. 32(A)(1) requires that the trial court "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment" before imposing sentence. The State contends that the trial court complied with this requirement by giving Mikolaj an opportunity to speak at his sentencing hearing. However, the State's *Page 7 
argument is misleading.
 {¶ 33} The trial court began Mikolaj's sentencing hearing by asking whether the defense had anything to say. Counsel responded, "I think we presented everything, Your Honor, just — I mean as far as with the case in chief." After asking the prosecution much the same and receiving a similar response, the trial court ruled on a couple of evidentiary issues, rendered its verdict, and imposed a sentence. Defense counsel then told the trial court that Mikolaj intended to appeal. Mikolaj interrupted counsel to argue that he should not have been found guilty.
 {¶ 34} The trial court failed to comply with Crim.R. 32(A)(1). The Rule states that the trial court gives the defendant the opportunity to address the court before imposing sentence. See also State v.Campbell, 90 Ohio St.3d 320, 2000-Ohio-0183 (Trial court errs when it imposes sentence without first asking the defendant whether he or she wishes to exercise the right of allocution.) In this case, Mikolaj was not given an opportunity to address the court until after the trial court imposed its sentence.
 {¶ 35} "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." State v.Campbell, 90 Ohio St.3d 320, 2000-Ohio-0183, paragraph three of the syllabus. The doctrine of waiver is inapplicable to this type of error if the trial court does not ask the defendant if he wishes to allocute. Id. at 324-325. In this case, the error was neither invited nor harmless.
 {¶ 36} The Ohio Supreme Court has held that a trial court's failure to comply with Crim.R. 32(A)(1) is harmless if the defendant had made an unsworn statement to the jury, sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant's behalf.State v. Reynolds, 80 Ohio St.3d 670, 687 684, 1998-Ohio-0171. However, the error is not harmless if the defendant is not given the chance to personally give a statement to the judge, even if defense counsel speaks on the defendant's behalf and the defendant's statements to others are introduced at *Page 8 
sentencing. Campbell at 325-326.
 {¶ 37} In this case, the trial court did not give Mikolaj the chance to make a personal statement to the court before sentence was imposed. Furthermore, defense counsel did not make a statement relating to sentencing on his client's behalf. Accordingly, Mikolaj's sentence must be vacated and this case remanded for resentencing. See State v.Robenolt, 7th Dist. No. 04 MA 104, 2005-Ohio-6450, at ¶ 15. Mikolaj's arguments in his third assignment of error are meritorious.
 Conclusion {¶ 38} Mikolaj's arguments in his first two assignments of error both depend on his attack on Mayle's credibility. However, the trial court did not abuse its discretion when it found Mayle's identification of Mikolaj as the perpetrator reliable and, therefore, admissible. Furthermore, this identification, when combined with other evidence, supports the trial court's verdict. However, the trial court erred when it sentenced Mikolaj before giving him the right to allocute under Crim.R. 32(A)(1). Accordingly, Mikolaj's sentence is vacated and this case is remanded for resentencing.
Donofrio, J., dissents. See dissenting opinion.
Vukovich, J., concurs. *Page 9