OPINION
{¶ 1} The defendant-appellant, Martin G. Alejo ("Alejo"), appeals the September 7, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas of Paulding County, Ohio sentencing him to serve a stated prison term of five years.
 {¶ 2} On March 9, 2006, the Paulding County Deputy Sheriff executed a search warrant at the residence of Alejo and Danielle Ripka at 8947 Road 177, Melrose, Ohio. As a result of the search, Alejo was indicted on April 14, 2006 by the Paulding County Grand Jury to Count One, Possession of Drugs in which he knowingly obtained, possessed, or used Oxycodone, a schedule II controlled substance, in violation of R.C.2925.11(A)(1)(C)(1)(a), a felony of the fifth degree; Count Two, Possession of Drugs in which he knowingly obtained, possessed or used Methamphetamine, a schedule II controlled substance in an amount exceeding five times the bulk amount, in violation of R.C.2925.11(A)(1)(C)(1)(c), a felony of the second degree; and Count Three, Trafficking in Drugs in which he prepared for shipment, ship, transport, delivery, prepared for distribution or disturbed Methamphetamine, a schedule II controlled substance, in an amount exceeding five times the bulk amount but less than fifty times the bulk amount, in violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the first degree. *Page 3 
 {¶ 3} On April 18, 2006, Alejo entered a plea of not guilty to the charges in the indictment. On July 18, 2006, a plea agreement was reached with the State. Alejo plead guilty to Count Two of the indictment and the State dismissed Counts One and Three of the indictment. On September 5, 2006, Alejo was sentenced to a term of five years of imprisonment with the Ohio Department of Rehabilitation and Corrections.
 {¶ 4} On October 4, 2006, Alejo filed a notice of appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THEHIGHER END OF THE POSSIBLE INCARCERATION TIME. {¶ 5} Alejo's sole assignment of error poses an issue concerning his felony sentencing. He alleges that the trial court erred in sentencing him to the higher end of the possible incarceration time rather than the minimum.
 {¶ 6} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. *Page 4 
Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 7} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Alejo to a five year prison term. Alejo plead guilty to a felony of the second degree.
 {¶ 8} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 * * * * *
 For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 {¶ 9} Alejo could have been sentenced to as little as two years or as much as eight years for the count that he pled guilty to. In this case, Alejo was sentenced to five years.
 {¶ 10} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find that his sentence does not violate the Ex Post Facto and Due Process Clauses. Alejo entered a plea of guilty on July 18, 2006 following the Supreme Court of Ohio's decision in Foster on February 27, *Page 5 
2006. He understood the sentencing range for the felonies he pled guilty to and was sentenced within the sentencing range. In addition, the sentencing range for his felonies has remained unchanged, so he had notice of the potential sentence for his offenses.
 {¶ 11} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 12} Accordingly, we find Alejo's sole assignment of error is overruled and the September 7, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas of Paulding County, Ohio sentencing him to serve a prison term of five years is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. r *Page 1