OPINION
{¶ 1} Defendant-Appellant, Randall S. Rose, Sr., appeals the judgment of the Hancock County Court of Common Pleas convicting him of one count of domestic violence and sentencing him to a sixteen-month prison term. On appeal, Rose asserts that the trial court erred by allowing the victim's grandmother to testify at his sentencing hearing without allowing him to respond and by imposing a non-minimum sentence in violation of the due process and ex post facto clauses of the United States Constitution. Based on the following, we affirm the trial court's judgment.
 {¶ 2} In April 2006, the Hancock County Grand Jury indicted Rose for one count of domestic violence, with a prior domestic violence offense specification, in violation of R.C. 2919.25(A), a felony of the fourth degree. The indictment arose from an incident in March 2006 whereby Rose slapped his five-month old son in the face, leaving a handprint and bruises. Subsequently, Rose pled not guilty to the indictment.
 {¶ 3} In May 2006, Rose withdrew his not guilty plea and entered a plea of guilty to the count as charged in the indictment, which the trial court accepted, convicting him of one count of domestic violence, with a prior domestic violence offense specification, in violation of R.C. 2919.25(A), a felony of the fourth degree. *Page 3 
 {¶ 4} In June 2006, the trial court held a sentencing hearing, whereat Rose's counsel, Rose, and the victim's mother, Christy Huston, (hereinafter referred to as "Mother") addressed the trial court and requested that Rose receive community control instead of a prison term.
 {¶ 5} Thereafter, the State indicated that the victim's grandmother, Elizabeth Huston, wished to address the trial court, to which the trial court responded:
 Trial Court: I need to preface this a little bit, technically Christian is the victim and his mother is his primary advocate or person, but this case is a little different because there are some other dynamics that are taking place here and * * * I certainly wanted to hear what she had to say and normally I wouldn't in a normal case I would say that's enough but here we are talking about a baby, it's a little bit different dynamic. I notice just looking at the room your daughter is over there and you folks are over here. I don't, I am not a psychologist but I wonder about that so I am assuming you differ from your daughter's view as to what should happen?
 Huston: Yes, sir, that's correct.
 Trial Court: Because we have a baby that's involved, we have another family dynamic I am going to let you say a few words.
(Sentencing Hearing Tr. pp. 14-15).[1] Huston stated that Rose's and Mother's eldest son was placed in her permanent custody in February 2004; that Rose had ample opportunity from the time his oldest son was taken away until the incident in March 2006 to change, but he did not; that the pictures of the victim's injuries *Page 4 
spoke for themselves; that the maximum sentence should be imposed; and, that Rose's contact with the victim should be limited and supervised.
 {¶ 6} After Huston spoke, the trial court sentenced Rose to a sixteen-month prison term. In doing so, the trial court noted that it had considered the following factors: the nature of the offense, the injuries caused, Rose's relationship to the victim, Rose's prior domestic violence conviction, his three prior prison terms, his previous probation violations, and the presentence investigation report, which included Rose's criminal history and provided that Huston had permanent custody of Rose's and Mother's eldest son. Additionally, the trial court found that Rose had a strong likelihood of recidivism and was not amenable to community control. Thereafter, the trial court addressed both Huston's and Mother's concerns:
 I do want to address something else. [Huston], your concerns and [Mother], your concerns. I am not unwilling at the appropriate time to consider a judicial release in this case. The reason I am not unwilling to consider is because, [Huston], then he comes back then I can supervise him through the probation department. * * * And then we can see if he should be reintegrated with his family at that particular time.
 But I do not believe that is something, Mr. Rose, I can simply do today because I just don't think it would send the appropriate message. But I am willing to consider that but I will, here is where the responsibility shifts, I am going to send you to prison for what you did, I think you deserve it. If you request, show me you deserve to be let out, I will consider letting you out.
 (Sentencing Hearing Tr., pp. 24-25). *Page 5 
 {¶ 7} In its subsequent judgment entry sentencing Rose, the trial court provided that it considered the record, oral statements, presentence investigation report, the principles and purposes of sentencing, and Rose's prior criminal history.
 {¶ 8} It is from this judgment that Rose appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY ALLOWING ELIZABETH HUSTON TO TESTIFY AT SENTENCING AND NOT ALLOWING MR. ROSE THE OPPORTUNITY TO ADDRESS HER STATEMENTS.
 Assignment of Error No. II THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE ON MR. ROSE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION.
 Assignment of Error No. I {¶ 9} In his first assignment of error, Rose contends that the trial court erred by allowing Huston to testify at his sentencing hearing and not allowing him to respond to her statements. Specifically, Rose asserts that the trial court relied upon Huston's statements in sentencing him and that he should have been able to respond. We disagree. *Page 6 
 {¶ 10} R.C. 2930 sets forth various rights of victims in criminal proceedings. For instance, where the victim is a minor, R.C. 2930.02(A) provides that "a member of a victim's family or another person may exercise the rights of the victim * * * as the victim's representative." If more than one person wishes to represent the victim, the court must designate one person to do so. R.C. 2930.02(A). Although only one person may represent a minor victim, "any other person may present information relevant to the imposition of the sentence in the case" with the court's approval, R.C. 2929.19(A)(1), and such an allowance will not be reversed absent an abuse of discretion. State v. Harwell, 149 Ohio App.3d 147,150, 2002-Ohio-4349; State v. Acoff (1992), 80 Ohio App.3d 765, 769. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Furthermore, R.C. 2930.14 requires a court to allow a victim of a defendant's crime to make a statement before the court imposes a sentence on the defendant. R.C. 2930.14(A). The court must then consider the victim's statement, along with other requisite factors, in imposing the defendant's sentence. R.C. 2930.14(B). Additionally, if the victim's statement contains new material facts, the court cannot rely on those new material facts until it takes the appropriate *Page 7 
action, such as continuing the sentencing hearing, to afford the defendant an opportunity to respond. R.C. 2930.14(B).
 {¶ 12} However, where it is clear from the record that a defendant has been made aware of the information that the court "used in imposing sentence upon a defendant, and the defendant does not seek a continuance to rebut that information, then such information will not be found to constitute `new material facts' that trigger the continuance requirement in R.C. 2930.14(B)." State v. Marple, 12th Dist. No. CA2004-09-073,2005-Ohio-6272, ¶ 38, citing State v. Brown, 146 Ohio App.3d 654, 660,2001-Ohio-4266.
 {¶ 13} Here, Rose first argues that the trial court erred in allowing Huston to testify. However, a review of the record indicates that the trial court explained that, while Mother was the victim's representative, it would allow Huston to speak given the young age of the victim and the family dynamics. Based on the trial court's explanation, the dynamics of the case, and the fact that the trial court is authorized to allow other persons to make a statement, we find that the trial court did not abuse its discretion in allowing Huston to make a statement. See, e.g., Acoff, 80 Ohio App.3d at 769 (finding that a trial court did not abuse its discretion in allowing both mother and grandmother of victim to make a statement at sentencing). *Page 8 
 {¶ 14} Next, Rose argues that the trial court erred by not allowing him to respond to the new material facts included in Huston's statement and relied upon by the trial court. However, Rose failed to identify what the new material facts were that Huston allegedly provided. Rose's criminal history was in the record, and the fact that Huston had permanent custody of Rose's and Mother's eldest son was included in the presentence investigation report. Thus, Huston's statement did not contain any information that was not already known to Rose or the trial court, and Rose did not request a continuance to rebut Huston's statement.
 {¶ 15} Additionally, Rose's contention that the trial court explicitly relied upon Huston's statement lacks merit. It is clear from the record that the trial court informed Rose of the numerous factors it considered in sentencing him, including the oral statements, presentence investigation report, the principles and purposes of sentencing, and Rose's prior criminal history. While the trial court did address both Huston's and Mother's concerns, it did so only after it had imposed Rose's sentence, and was in the context of explaining that it would consider judicial release in the future. Thus, we find that Huston's statement did not contain any new material facts to trigger the continuance requirement of R.C. 2930.14(B) and that the trial court did not err by not allowing Rose to respond to Huston's statement.
 {¶ 16} Accordingly, we overrule Rose's first assignment of error. *Page 9 
 Assignment of Error No. II {¶ 17} In his second assignment of error, Rose contends that the trial court erred by imposing a non-minimum sentence upon him in violation of the due process and ex post facto clauses of the U.S. Constitution. Specifically, Rose asserts that the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, was unconstitutional and unforeseeable. We disagree.
 {¶ 18} The Foster Court addressed constitutional issues concerning felony sentencing, holding that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and severing those portions. Foster, 109 Ohio St.3d at ¶ 100. Regarding new sentences and resentencing of cases pending on direct appeal, the Supreme Court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. (Emphasis added).
 {¶ 19} Here, Rose pled guilty to a felony of the fourth degree, for which the eligible prison term ranges from six months to eighteen months. R.C. 2929.14(A)(4). The trial court elected to impose a sixteen-month prison term upon Rose. Because this Court is required to follow precedent, as set forth by the Ohio Supreme Court and the United States Supreme Court, we find no error in the *Page 10 
trial court's decision to impose a sixteen-month prison term upon Rose. See State v. Alejo, 3d Dist. No. 11-06-10, 2007-Ohio-2047.
 {¶ 20} Additionally, for the reasons we articulated in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find that Rose's sentence does not violate the due process and ex post facto clauses of the U.S. Constitution. Rose pled guilty in May 2006, after the Ohio Supreme Court issued Foster in February 2006. Rose indicated that he understood the sentencing range for the felony to which he pled guilty and was sentenced within that range. Likewise, the sentencing range for fourth degree felonies has remained unchanged; thus, Rose had notice of the potential sentence for his offense.
 {¶ 21} Furthermore, as we noted in Alejo, "the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006),127 S.Ct. 442, 166 L.Ed.2d 314." 2007-Ohio-2047 at ¶ 11.
 {¶ 22} Accordingly, we overrule Rose's second assignment of error.
 {¶ 23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 11 
[1] Rose objected to the trial court's determination to allow Huston to make a statement, which the trial court overruled. *Page 1