[Cite as *State v. Clifford*, 2010-Ohio-4867.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )       CASE NO. 09 JE 32
    PLAINTIFF-APPELLEE,             )
                                        )
    - VS -                          )       OPINION
                                        )
ANTONIO CLIFFORD,                       )
                                        )
    DEFENDANT-APPELLANT.            )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Common Pleas Court, Case No. 06 CR 113. |
| JUDGMENT: | Affirmed. |
| APPEARANCES:<br>For Plaintiff-Appellee: | Attorney Thomas Straus<br>Prosecutor<br>Attorney Jane M. Hanlin<br>Assistant Prosecutor<br>16001 State Route 7<br>Steubenville, OH  43952 |
| For Defendant-Appellant: | Attorney Timothy Young<br>Ohio Public Defender<br>Attorney Spencer Cahoon<br>Assistant Ohio Public Defender<br>250 E. Broad Street<br>Columbus, OH  43215 |

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  September 29, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Appellant, Antonio Clifford, appeals the August 10, 2007 decision of the Jefferson County Court of Common Pleas that imposed a jointly-recommended sentence of life in prison, with the possibility of parole after 33 years, subsequent to accepting Clifford's plea of guilty to aggravated murder, aggravated robbery, tampering with evidence, and two accompanying firearm specifications.

{¶2} Clifford argues that he was denied his right to allocution as afforded by Crim.R. 32 and R.C. 2929.19(A). Clifford further argues that his sentencing hearing was deficient because the trial court did not comply with the mandatory sentencing statute relating to victim impact statements. The sentencing transcript reveals that before the trial court could directly ask Clifford if he wished to exercise his right to allocution, Clifford had counsel relay a personal statement of remorse on his behalf, rather than express it to the trial court himself. Because Clifford invited the error now complained of, and the trial court complied with the sentencing statutes, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On August 2, 2006, Clifford was indicted for one count of aggravated murder, in violation of R.C. 2903.01(B); one count of aggravated robbery, in violation of R.C. 2911.01(A)(1); two accompanying firearm specifications, pursuant to R.C. 2941.145; and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). Clifford was arraigned on August 9, 2006, entered a plea of not guilty, and was appointed counsel.

{¶4} According to the State's Bill of Particulars, Clifford and other defendants committed an aggravated robbery against Joshua Sweat on July 29, 2006, during which Clifford shot and killed Sweat. Clifford then disposed of the weapons and the clothing he had been wearing.

{¶5} On August 6, 2007, Clifford withdrew his former plea, entered a plea of guilty, and was sentenced. During the hearing, the parties stated that they had entered an agreement wherein Clifford agreed to plead guilty to the three counts and two firearm

specifications, the State would dismiss the death penalty specification, and the recommended sentence would be life in prison without the possibility of parole for 33 years. Specifically, the parties stated:

{¶6} "[THE STATE:] Pursuant to negotiations between the Prosecutor's Office and Attorneys Olivito and Carinci the agreement that we have is as follows: Antonio Clifford will plead guilty to the murder of Joshua Sweat. The State of Ohio will dismiss the death specification. He will plead guilty to the second specification in Count One. He will plead guilty to Count Two along with the specification in Count Two, and he will plead guilty to Count Three.

{¶7} "The sentencing recommendation that we have for the Court today is that he will be sentenced to life in prison without the possibility of parole for twenty years for the murder; that he be sentenced to ten years in prison for the aggravated robbery, and that that charge or that sentence rather be served consecutively; and finally, that he will plead guilty to Count Three which is the tampering with evidence charge. He will be sentenced to five years on that charge, however, it would run concurrent with sentences in Count One and Count Two.

{¶8} "In terms of the gun specifications, he will serve an additional three years for those gun specifications.

{¶9} "The net sentence in this case is that he will be sentenced to life in prison without the possibility of parole for at least thirty-three years.

{¶10} "THE COURT: Defense.

{¶11} "[DEFENSE COUNSEL:] If it please the Court, that's the understanding of the Defendant at this time. It's a correct recitation, Your Honor.

{¶12} "THE COURT: Mr. Clifford, did you hear all that?

{¶13} "THE DEFENDANT: Yes, sir.

{¶14} "THE COURT: Is that [what] you expected to hear when you came in the courtroom this afternoon?

{¶15} "THE DEFENDANT: Yes, sir.

{¶16} "THE COURT: And is that what you think you want to do?

{¶17} "THE DEFENDANT: Yes, sir."

{¶18} The trial court then entered into a lengthy colloquy with Clifford, at the end of which the trial court accepted his guilty plea as knowing, voluntary and intelligent. The State proceeded to present victim impact statements. After the trial court heard the statements of the victim's sister, mother and father, the trial court addressed the parties:

{¶19} "THE COURT: Is there anything additional on behalf of the State?

{¶20} "[THE STATE:] No, your Honor.

{¶21} "THE COURT: Defense, anything on behalf of defense?

{¶22} "[DEFENSE COUNSEL:] If it please the Court, the Defendant has asked me to say that he is truly sorry for the offense he committed and for the difficulties that he has caused the family for the loss of their son.

{¶23} The trial court then accepted the joint sentencing recommendation, and imposed a net sentence of life in prison without the possibility of parole for 33 years. Specifically, the trial court imposed a sentence of life in prison, with possibility of parole after twenty years, for the aggravated murder count; ten years in prison for the aggravated robbery count, to be run consecutively; five years for the tampering with evidence count, to be run concurrently; and three years for each of the two firearm specifications, to be run concurrently with each other and consecutively to the other terms.

{¶24} Clifford did not file a direct appeal. On October 5, 2009 this court accepted Clifford's motion for leave to file a delayed appeal, and appointed appellate counsel.

### Crim.R. 32(A)(1) Right to Allocution

{¶25} In Clifford's sole assignment of error on appeal, he asserts:

{¶26} "When the trial court did not have Mr. Clifford make a statement and did not inform him of his right to do so, it erred by denying him his right to allocution in violation of Crim.R. 32(A)(1), R.C. 2929.19(A), and R.C. 2930.14(B)."

{¶27} Clifford argues that the trial court's failure to perform its affirmative duty to personally address Clifford and ask if he wanted to exercise his right to allocution caused reversible error because it violated both Clifford's common law rights related to Crim.R.

32(A), and his statutory right to allocution pursuant to R.C. 2929.19(A). Clifford further alleges that the trial court failed to comply with R.C. 2930.14(B) relating to victim impact statements, which we will address separately.

**{¶28}** The common law right to allocution, now codified in the Rules of Criminal Procedure, requires the following: "At the time of imposing sentence, the court shall do all of the following: * * * Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

**{¶29}** The language of Crim.R.32(A)(1) imposes an affirmative duty on the trial court, and courts must painstakingly adhere to this rule. *State v. Green,* 90 Ohio St.3d 352, 359-360, 2000-Ohio-182, 738 N.E.2d 1208. "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." Id. A defendant has an absolute right to allocution, which is not subject to waiver due to the defendant's failure to object. Id. at 358; *State v. Campbell,* 90 Ohio St.3d 320, 324, 2000-Ohio-183, 738 N .E.2d 1178.

**{¶30}** In *Campbell*, the Ohio Supreme Court provided an explicit holding regarding allocution errors: "pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment * * *. We further hold that in a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *Campbell* at 326.

**{¶31}** Here, after the trial court listened to the victim impact statements, the trial court stated "anything on behalf of defense?" The record does not reflect whether the trial court directed this question toward Clifford or his counsel. Clifford's attorney then relayed a personal statement on Clifford's behalf at Clifford's request, and the trial court proceeded to sentencing. The record contains no indication that the trial court personally

addressed Clifford or directly asked if he wished to exercise his right to allocution. Thus, the trial court failed to expressly fulfill its affirmative duty under Crim.R. 32(A). However, the State argues that the trial court's alleged error does not require reversal, because Clifford invited the error and/or was not prejudiced by the error.

{¶32} The exceptions to the *Campbell* holding are limited. The doctrine of waiver is generally inapplicable in the context of allocution unless the trial court asks the defendant if he wishes to allocute, and the record affirmatively shows that the defendant was aware of that right, and waived it. *Campbell* at 324-325; *State v. Mikolaj*, 7th Dist. No. 05-MA-157, 2007-Ohio-1563, at ¶32-37. The State does not argue that waiver applies in this case, but does argue that any error by the trial court was invited by Clifford, or else rendered harmless.

{¶33} Regarding the State's claim of invited error, Clifford asserts that he did nothing to actively mislead the court into failing to afford Clifford the right to allocution. The State alleges that Clifford invited the error by asking his attorney to speak on his behalf, and cannot now complain that he was not allowed to speak. In other words, the State argues that counsel's statement to the trial court, relaying Clifford's personal statement, induced the trial court to not address Clifford personally.

{¶34} The exception of invited error requires that counsel take some affirmative action to induce or be actively responsible for the trial court's error. *Campbell* at 324. In *Campbell*, the trial court expressly precluded the defendant from allocuting prior to imposing the sentence on the capital counts:

{¶35} "After the penalty phase, the trial court heard arguments from counsel, set a sentencing date, and discussed procedures. The judge said: 'I'll * * * render my decision and then I assume, once I've rendered my decision on [the aggravated murder counts], *then* there will be a sentencing where you will be able to make statements * * *.' (Emphasis added.) The prosecutor asked whether Campbell would 'have an allocution right before the Court announces its sentencing decision.' Defense counsel stated: '*After* you've made your decision on Counts One through Four, *then* I think we have a right to make a statement in allocution as to the sentences on the *other* offenses.' (Emphasis

added.)" *Campbell* at 323.

**{¶36}** The State argued that the defendant invited the allocution error by defense counsel's reply. Id. at 324. The Ohio Supreme Court interpreted defense counsel's statements to constitute, at most, acquiescence to what the trial court had already stated, and concluded that mere acquiescence does not constitute invited error. Id.

**{¶37}** During the defendant's sentencing hearing in *Green*, the trial court asked: "Is there anything with regard to those offenses, Counsel or Mr. Green, prior to the Court passing sentence * * * ?" *Green* at 359. Defense counsel answered with an argument about firearm specifications, and neither counsel nor Green said anything further. Id. After this exchange, the trial court heard victim impact statements, and then immediately imposed sentences for Green's convictions without any further inquiry to the defense. The Ohio Supreme Court found that the trial court's ambiguous inquiry was not explicitly personally directed at Green, and that nothing in the record indicated that the error was invited. Id. at 359-360.

**{¶38}** Here, after the victim impact statements were presented, the trial court asked if there was "anything on behalf of the defense." Defense counsel responded by stating, "the Defendant has asked me to say that he is truly sorry for the offense he committed and for the difficulties that he has caused the family for the loss of their son." Thus, in response to the trial court's question, defense counsel did not merely present legal *arguments* on Clifford's behalf, as was done in *Green*. Instead, counsel recited Clifford's own *personal statement*, with an indication that Clifford had requested that counsel deliver the personal statement rather than deliver it personally to the court.

**{¶39}** Given the content of defense counsel's statements, the present case is distinguishable from *Campbell* and *Green*. In *Campbell*, counsel acquiesced to the trial court's explicit refusal to allow allocution prior to the imposition of the defendant's capital sentence. In *Green*, counsel acquiesced to the trial court's general failure to directly and separately address the defendant. In contrast, here, the trial court began to address the defense as required by Crim.R. 32(A), but defense counsel's affirmative act, stating that Clifford had asked counsel to relay a statement on his behalf, and then reciting that

personal statement of remorse, invited the trial court to not inquire further regarding allocation. Clifford's counsel did not merely acquiesce to an error committed by the trial court, but instead took an affirmative action to induce the trial court's error.

{¶40} Clifford additionally argues that the trial court's allocution error violated R.C. 2929.19(A), resulting in a sentence that was not authorized by law. R.C. 2929.19(A) states, in pertinent part, "[t]he court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." Id. The duties of the trial court and rights of the defendant under this statute are neither greater nor broader than those conferred by Crim.R. 32(A)(1). Thus, the discussion on this point is subsumed by the above analysis.

{¶41} Because counsel's recitation of Clifford's personal statement at his request was an affirmative act that obviated the trial court's need to inquire further about Clifford's personal statement, Clifford invited the error. Pursuant to *Campbell*, resentencing is not required if an allocution error is invited. *Campbell* at 326. Therefore, this argument is meritless.

### Victim Impact Statements - R.C. 2930.14(B)

{¶42} Clifford finally asserts that he had an additional limited right to allocution because the three victim impact statements provided new material facts for the trial court to consider pursuant to R.C. 2930.14(B):

{¶43} "(A) Before imposing sentence upon * * * a defendant * * *, the court shall permit the victim of the crime * * * to make a statement. * * *

{¶44} "(B) The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts." Id.

{¶45} If a victim provides information such as previously unknown circumstances

about the crime, or allegations of a defendant's prior criminal acts not reflected in a pre-sentence investigation report or elsewhere in the record, it may be reversible error for a trial court not to allow a defendant an adequate opportunity to respond to the new information. See *State v. Daugherty*, 11th Dist. No. 2001-T-0024, 2002-Ohio-1183, at *2. A defendant may waive the requirement of a continuance by failing to request it, or simply by responding to the information immediately. See *State v. Rose*, 3d Dist. No. 5-06-32, 2007-Ohio-2863, at ¶12.

**{¶46}** The new material facts alleged by Clifford were the victim impact statements regarding the admirable qualities and attributes of the victim, and the great harm and sadness that had befallen the family as a result of the victim's death. These statements do not constitute new material facts, as contemplated by R.C. 2930.14(B), that would cause any unfair surprise to the defense requiring a continuance to prepare rebuttal. See *Rose*, at ¶12-14. Moreover, Clifford did not request a continuance to respond to the victims' statements, and instead chose to immediately respond, thus waiving the issue.

**{¶47}** Clifford counters that he did not waive the issue because the trial court did not, in fact, allow him an opportunity to respond to the allegedly material new facts in the victim impact statements. The record reflects otherwise. After the victim's mother, father and sister made their statements to the trial court, the following ensued:

**{¶48}** "THE COURT: Is there anything additional on behalf of the State?

**{¶49}** "[THE STATE:] No, your Honor.

**{¶50}** "THE COURT: Defense, anything on behalf of defense?

**{¶51}** "[DEFENSE COUNSEL:] If it please the Court, the Defendant has asked me to say that he is truly sorry for the offense he committed and for the difficulties that he has caused the family for the loss of their son."

**{¶52}** The defense was given the opportunity to respond to the victim impact statements, and did so. Clifford argues that the above exchange did not satisfy the requirements of R.C. 2930.14 because Clifford did not personally respond to the statements. However, the plain language of R.C. 2930.14 does not require the trial court to solicit a personal statement from the defendant in response. A response from defense

counsel completely satisfied any applicable statutory requirements. Therefore, this argument is meritless.

{¶53} In conclusion, the trial court's failure to personally address Clifford during his sentencing hearing constituted error. However, Clifford had counsel recite a personal statement of remorse on his behalf, rather than personally express it to the trial court. This affirmative act of counsel invited the error. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.